IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHARLES SHEPPARD,

                              Plaintiff                    OPINION AND ORDER

            v.                                             14-cv-863-slc

SERGEANT BLOYER, *et al.*,

                              Defendants.

Plaintiff Charles Sheppard is proceeding in this case on claims that defendants Sergeant Bloyer and Officer McCollough violated his rights under the Eighth Amendment by ignoring his threats of self-harm. In the March 14, 2016, I dismissed several other defendants from the case because plaintiff's allegations did not support an inference that these defendants were personally involved in any violation of his rights.

Plaintiff has filed two motions: First, plaintiff seeks reconsideration of his request for assistance of counsel, as well as reconsideration of the dismissal of several supervisory defendants. *See* dkt. 22. Second, plaintiff seeks sanctions, alleging various discovery violations as well as retaliation against him by prison officials. *See* dkt. 23. For the reasons below, I am denying both motions, but am ordering defendants to provide further response to some of the allegations plaintiff makes in connection with his motion for sanctions.

I.      Motion for Reconsideration.

Plaintiff argues that he should have been permitted to proceed with claims that Warden Boughton, Secretary Wall, Security Director Sweeney and ICE Ellen Ray failed to properly train and supervise Bloyer and McCollough in suicide prevention. He says that he has evidence that the job descriptions of these officials include insuring that all prison staff are properly trained

in suicide prevention and that these defendants should have known that Bloyer and McCollough were not properly trained. He further argues that he has evidence showing that McCollough and Bloyer have attended only three suicide prevention training sessions since 2007.

I am denying plaintiff's request to resurrect his claims against these defendants. As I explained previously, a supervisor may be liable under § 1983 only if he or she is "personally responsible for the deprivation of the constitutional right." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). This means that the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see[.]" *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Additionally, a supervisor may be liable for flawed policies or deficient training, over which the supervisor had control, if the policies or training amount to deliberate indifference to the rights of persons affected by the policies or inadequate training. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

Plaintiff's allegations do not permit an inference that Boughton, Wall, Sweeney or Ray approved, condoned, or turned a blind eye to Bloyer's or McCollough's treatment of plaintiff, or that they would even have had an opportunity to learn about plaintiff's situation and intervene during the relevant time period. Moreover, plaintiff has not alleged any specific facts implying that these defendants knew or should have known that the suicide prevention training Bloyer and McCollough had received was so inadequate that it could result in inmates being deliberately ignored or encouraged to harm themselves. Here, plaintiff has alleged that Bloyer and McCollough deliberately ignored his requests for help and told him that they "did not give a fuck" whether he harmed himself. But plaintiff has offered no basis to infer that any of the

2

supervisory defendants should have known that the three suicide-prevention training sessions attended by Bloyer and McCollough–or conversely, their failure to attend more sessions–likely would result in these officers acting in such a callous way.  Rather, the only reasonable inference from plaintiff's allegations is that Bloyer and McCollough ignored his requests for help *despite* the training they had received, and that no additional training would have caused them to respond more appropriately.  Accordingly, plaintiff's request for reconsideration of the dismissal of the supervisory defendants is denied.

### II.    Motion for Assistance in Recruiting Counsel.

Plaintiff also asks that I reconsider whether to provide him with assistance in recruiting counsel.  He states that he needs counsel so that he can review confidential training materials relevant to his claims.  However, plaintiff provides little explanation (1) what confidential training materials he needs; (2) why he needs them; and (3) why he cannot review those materials without counsel.  It may be that plaintiff needs certain materials and that defendants are denying him access.  However, such concerns would be more appropriately raised in a motion to compel or other request for help with discovery, rather than in a motion for assistance in recruiting counsel.  Because I am not persuaded that plaintiff needs assistance of counsel at this stage, I am denying his renewed request for counsel for the reasons I have already provided in previous orders.

### III.      Motion for Sanctions.

Finally, plaintiff has filed a motion for sanctions.  He states that:

(1) defendant Bloyer failed to timely respond to his request for admissions;

(2) defendant has failed to provide documents related to a prison investigation that plaintiff requested during discovery;

(2) Bloyer has retaliated against him by denying him library time and putting him in segregation based on false conduct reports;

(3) Plaintiff is being denied access to his EDNET account, which is a program that allows inmates the ability to type and save word documents; and

(4) several of plaintiff's books, including legal books, have been destroyed.

Plaintiff requests monetary sanctions for the discovery violations.  He also requests that he be transferred to a different institution, or that the court order that he be allowed to access the law library three times a week and have access to his EDNET account.  Plaintiff acknowledges that he is not seeking to add retaliation claims to this lawsuit, but states that he has only described the situation at the prison for context about what he is dealing with.

In their response to plaintiff's motion for sanctions, defendants explain that their response to plaintiff's discovery request was delayed because defendant Bloyer was on medical leave and that counsel inadvertently failed to update Bloyer's responses after she returned.  As for plaintiff's other complaints, defendants deny that plaintiff has been retaliated against and explain that plaintiff's library and EDNET access are restricted based on his placement in segregation.  Defendants further state that plaintiff is scheduled to be released from segregation on December 29, 2016, and that his library and EDNET privileges will be restored then.  Given

4

that dispositive motions are not due until February 17, 2017, plaintiff still will have six weeks to complete work on any dispositive motion he intends to file.  Finally, with respect to the destruction of plaintiff's property, defendants state that the books that were destroyed were adult-themed publications and not legal books.

Many of plaintiff's allegations would be more appropriate raised in a separate lawsuit alleging retaliation, as plaintiff himself acknowledges.  At this stage of the case, I will not permit plaintiff to amend his complaint in this lawsuit to include claims regarding allegations such as false conduct reports, destruction of books, or unfair restrictions to the EDNET program.  With respect to issues directly relevant to the proceedings in this case, defendants' response usually would be enough to allay the court's concerns regarding the issues raised in plaintiff's motion, but for the fact that plaintiff's most recent communications with the court suggest that he *still* has not received Bloyer's responses, nor has he received the documents relating to the prison investigation.  Additionally, plaintiff states he now has been completely barred from accessing the law library.

Assuming for now that plaintiff's allegations are accurate, defendants must provide a more complete explanation of the situation.  Although I do not think that monetary sanctions are necessary, defendants must explain why plaintiff has not yet received the discovery documents he requested.  Defendants also must explain whether and why plaintiff has been completely barred from accessing the law library.  If defendants cannot provide satisfactory responses, then I will reconsider plaintiff's request for sanctions.

ORDER

IT IS ORDERED that:

(1)     Plaintiff Charles Sheppard's motion for reconsideration (dkt. 22) is DENIED.

(2)     Plaintiff's motion for sanctions (dkt. 23) is DENIED at this time, subject to reconsideration after the court receives further response from defendants.

(3)     Not later than December 20, 2016, defendants must report: (a) whether plaintiff has received responses to all outstanding discovery requests; and (b) whether plaintiff is being completely barred from accessing the law library, and if not, describe the nature and extent of his access.


Entered this 12th day of December, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge